# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD DEMARCO,

    Plaintiff,

v.

MTC FINANCIAL, INC.,

    Defendant.

Case No. 2:09-CV-02333-KJD-LRL

**ORDER**

Currently pending before the Court is Plaintiffs' Emergency Motion for Preliminary Injunction (#5).

**I. Background**

The Complaint in this case was originally filed in state court on November 20, 2009, naming as Defendants, BAC Home Loans Servicing, LP ("BAC") and MTC Financial, Inc. ("MTC"). The pleadings demonstrate that Defendant BAC was served with a copy of the Summons and Complaint on December 1, 2009. Additionally, Plaintiffs served BAC with a copy of their Motion for Preliminary Injunction filed in state court. On December 9, 2009, Defendant BAC removed the action to federal court, and filed a Response (#2) to the Motion for Preliminary Injunction (#5). On January 26, 2010, BAC filed a Motion to Dismiss (#8), which the Court granted per Order (#9) on April 14, 2010, after Plaintiffs failed to file points and authorities in opposition to said dispositive motion.

On August 18, 2010, the Court, issued an Order (#12) finding that Plaintiffs had failed to file proper proof of service upon the remaining Defendant, MTC. In its Order, the Court stated that because Plaintiffs' Complaint was filed on November 20, 2009, service of the summons and complaint was required on all Defendants on or before March 22, 2010. Accordingly, the Court

ordered Plaintiffs to file proof of proper service upon MTC pursuant to Fed. R. Civ. P. 4(m) on or before August 31, 2010, stating that failure to do so would result in dismissal of the action.

On August 18, 2010, Plaintiffs filed an Affidavit of Service (#13), attesting that a copy of the summons and complaint was served upon Dennis Perry, of the office of GKL Resident Agents/Filings, Inc., as the resident agent for MTC in Carson City, Nevada, on December 1, 2009. Accordingly, left pending before the Court is Plaintiffs' Motion for Injunctive Relief against MTC, which has never made an appearance or filed a responsive pleading in this action.[1]

**II. Legal Standard for Injunctive Relief**

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies. See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982).  In each case, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate.  See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction.  See American Motorcycle Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor.  See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987).  These are not separate tests but the outer reaches of a single continuum.  See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980.)

---

[1] The Notice of Removal in this action fails to demonstrate that MTC was notified of the removal of the action to federal court. The Motion for Preliminary Injunction however, attests that a copy was sent to MTC's resident agent.

### III. Analysis

As stated above, the Affidavit of Service filed recently by Plaintiffs attests that a copy of the summons and complaint were served upon the alleged resident agent for MTC on December 1, 2009. The docket in this action, however, fails to show that MTC was notified of the removal of the action to federal court, or that any responsive pleading has been filed by MTC. In spite of said non-response, however, an examination of the Complaint, together with the Motion for Preliminary Injunction and Order of Dismissal of Defendant BAC militates against granting the Preliminary Injunction Motion. Plaintiffs have failed to demonstrate a likelihood of success on the merits or the emergent circumstances necessary to merit the injunctive relief sought. Specifically, since filing the Joint Status Report Regarding Removal (#7) on January 1, 2010, Plaintiffs have taken no action in this case, other than to file the Acknowledgment of Service (#13) on August 18, 2010, per order of the Court. Accordingly, good cause lacking, the Court denies Plaintiffs' Motion for Preliminary Injunction, and orders that the parties file a status report.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion for Preliminary Injunction (#5) is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining parties shall file a status report on or before September 15, 2010.

DATED this 3rd day of September 2010

_____
Kent J. Dawson
United States District Judge

3