# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD DEMARCO, *et al.*,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP, *et al.*,

    Defendants.

Case No. 2:09-CV-02333-KJD -GWF

**ORDER**

Presently before the Court is Defendant MTC FINANCIAL, INC. d/b/a Trustee Corps.' Motion to Dismiss (#14). Plaintiffs filed a response in opposition (#20) to which Defendants replied (#21).

I. Background

On or about June 9, 2003, Plaintiffs executed a promissory note for $314,765.00, secured by a deed of trust on the subject property, located at 8129 Leather Harness Street, Las Vegas, Nevada 89131. In June of 2009, Plaintiffs defaulted on their note. On October 22, 2009, Defendant MTC recorded a Notice of Default and Election to Sell Under Deed of Trust. Defendant allegedly posted a Notice at the property which included, among other information, Plaintiffs' social security numbers.

On November 20, 2009, after Defendant had begun foreclosure proceedings, Plaintiffs filed the present complaint bringing causes of action for: 1) wrongful foreclosure; 2) unjust enrichment through sale of the property; 3) unjust enrichment through attempts to seek payment; 4) Negligence; 5) Invasion of Privacy; 6) Bad Faith; 7) Injunctive Relief; and 8) Declaratory Relief.

II. Standard of Law for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

III.  Analysis

    A.  Wrongful Foreclosure

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner

was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 99 Nev. 284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate).  Foreclosure procedures must be followed or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (1989) (trustee's sale invalid where notice requirements not satisfied).

Plaintiffs cannot maintain a cause of action for wrongful foreclosure because they admit that they are "delinquent on their mortgage payments." (Plaintiffs' Complaint (#1) at ¶ 3.)  Plaintiffs allege that Defendant MTC is wrongfully foreclosing because it is not the proper party to initiate foreclosure under N.R.S. Section 107.080.  But that claim fails because the statute provides no private cause of action for tort damages.  The statute allows a court to void a trustee sale if, *inter alia*, the person or entity that conducted the sale did not substantially comply with the statute. *See* N.R.S. 107.080(5)(a).  But it does not create a cause of action for wrongful foreclosure and has no application here since no sale has occurred and Plaintiffs are in default.  Plaintiffs claim for wrongful foreclosure is dismissed.

B.  Unjust Enrichment

Unjust enrichment occurs where "a person has and retains a benefit which in equity and good conscience belongs to another." Mainor v. Nault, 101 P.3d 308, 317 (Nev. 2004) (citation omitted). This standard is met where there is "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." Topaz Mut. Co. v. Florence Marsh, 839 P.2d 606, 613 (Nev. 1992) (citation omitted).

Plaintiffs allege unjust enrichment through sale of the property and through attempts to seek payment.  The unjust enrichment claims fail because no foreclosure sale has occurred, Plaintiffs have failed to allege that Defendant MTC sought to collect payment, and there is no claim that Defendant MTC has obtained any benefit from Plaintiffs.  The Court therefore grants Defendant MTC's motion to dismiss Plaintiffs' claims for unjust enrichment.

1  C. Negligence

2  To prevail on a negligence claim, a party must show that: "(1) the defendant had a duty to
3  exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an
4  *actual* cause of the plaintiff's injury; (4) the breach was the *proximate* cause of the injury; and (5) the
5  plaintiff suffered damage." Perez v. Las Vegas Medical Center, 805 P.2d 589, 590–91 (Nev. 1991)
6  (citing Beauchene v. Synanon Foundation, Inc., 151 Cal.Rptr. 796 (Cal App. 1979).

7  Plaintffs fail to plead any damages arising from the alleged disclosure of their social security
8  numbers to a third party. Although they argue that Defendant MTC was negligent *per se* based on an
9  alleged violation of N.R.S Section 603A, this doctrine only establishes the duty and breach elements
10 of negligence. Ashwood v. Clark County, 930 P.2d 740, 744. Since the complaint contains no
11 allegation of damages resulting from disclosure of their social security numbers, Plaintiffs' claim for
12 negligence fails.

13  D. Invasion of Privacy

14  In Nevada, the tort of invasion of privacy may take the following four forms: "(1)
15 unreasonable intrusion upon the seclusion of another; (2) appropriation of the name or likeness of
16 another; (3) unreasonable publicity given to private facts; and (4) publicity unreasonably placing
17 another in a false light before the public." People for the Ethical Treatment of Animals (PETA) v.
18 Berosini, 110 Nev. 78, 867 P.2d 1121, 1130 (1994) (citing to Restatement (Second) of Torts §
19 652A(2) (1977).

20  Here, the Plaintiffs claim that Defendant publicly disclosed the private facts of their social
21 security numbers. To maintain this cause of action, one must prove a disclosure that would be
22 offensive and objectionable to a reasonable person of ordinary sensibilities. Montesano v. Donrey
23 Media Group, 99 Nev. 644, 649 (1983), citing Forsher v. Bugliosi, 26 Cal.3d 792, 163 Cal.Rptr. 628,
24 637, 608 P.2d 716, 725 (1980); Restatement (Second) of Torts § 652D (1977). The public disclosure
25 requirement of this tort contemplates disclosure to more than individuals or small groups and "it is
26 not an invasion of the right of privacy ... to communicate a fact concerning the plaintiff's private life

4

to a single person or even a small group of persons." <u>Kuhn v. Account Control Technology, Inc.</u>, 865 F.Supp. 1443, 1448 (D. of Nevada, 1994) (quoting Restatement (Second) of Torts § 652D cmt. a (1977)).

Plaintiffs have failed to allege that anyone other than a single tenant saw the Notice containing their social security numbers. This does not constitute a public disclosure sufficient to provide a basis for recovery. Defendant MTC's motion to dismiss Plaintiffs' claim for invasion of privacy is granted.

E.  Bad Faith

Plaintiffs fail to state a recognized cause of action for bad faith. Defendant MTC's motion to dismiss this claim is granted.

G.  Injunctive and Declaratory Relief

Plaintiffs' remaining causes of action are actually requests for remedies—for declaratory and injunctive relief. These remedies are based upon the viability of the Plaintiffs' substantive claims. Therefore, because the Court has found that Plaintiffs' substantive claims fail, Plaintiffs' requests for remedies is also denied.

**IV. Conclusion**

Accordingly, and for the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#14) is **GRANTED**. Judgment to be entered on behalf of Defendants.

DATED this 16th day of June, 2011.

_____
Kent J. Dawson
United States District Judge

5